UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-21933-GAYLES/TORRES

ASEGURADORA DEL SUR,

    Plaintiff,

v.

SAFRA NATIONAL BANK OF NEW YORK,
and IB CORP INVESTMENTS AND
BUSINESS GROUP, LLC,

    Defendants.
_____/

## DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for [] Default Judgment [Against] IB Corp Investments and Business Group, LLC (the "Motion"). [ECF No. 36]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

## BACKGROUND

On May 20, 2022, Plaintiff Aseguradora Del Sur ("ADS") filed a Complaint against Safra National Bank of New York ("Safra") and IB Corp Investments and Business Group ("IB Corp") in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"). [ECF No. 1-1]. The Complaint alleges claims for Conversion (Count I), Replevin (Count II), and Negligence (Count III) against Safra and Negligence (Count IV) and Conversion (Count V) against IB Corp. *Id.* In particular, ADS alleges that IB Corp breached its duty of care to ADS when it transferred four bonds (the "Bonds") to an account at Safra and that IB Corp converted the Bonds

1

for its own use. *Id.* IB Corp failed to answer or otherwise respond to the Complaint. As a result, on May 25, 2023, a Clerk's Default was entered against IB Corp. [ECF No. 31].[1] ADS now moves for Default Judgment. In support, ADS relies upon the affidavit of its counsel. [ECF No. 36-1].

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter final default judgment against a party who has failed to respond to a complaint. Before entering default judgment, a "district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC* v. *Alcocer,* 218 F. App'x 860, 863 (11th Cir. 2007). Upon review of the Motion and the record, the Court finds a sufficient basis to support ADS's claims against IB Corp for Negligence (Count IV) and Conversion (Count V). In addition, the Court finds that Plaintiff has established entitlement to the sum of $9,075,000.00, representing the total amount of the Bonds.[2]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for [] Default Judgment [Against] IB Corp Investments and Business Group, LLC, [ECF No. 36], is **GRANTED**.

2. Final Default Judgment is entered in favor of Plaintiff Aseguradora Del Sur and against Defendant IB Corp Investments and Business Group as to all Counts IV and IV in the Complaint.

---

[1] Safra answered the Complaint and has moved for summary judgment on the claims against it.
[2] The Court notes that nothing in this Order should be construed to conflict with the Protective Order for Assets Subject to Forfeiture entered by United States District Judge Kathleen M. Williams in *United States v. Cherrez Miño, et al.*, Case No. 21-cr-20528-KMW (S.D. Fla.). *Id.* ¶ 31. While ADS is entitled to damages from IB Corp, nothing in this Order entitles ADS to possession of the Bonds.

3. Plaintiff Aseguradora Del Sur shall recover from Defendant IB Corp Investments and Business Group $9,075,000.00, plus interest at the statutory rate from the date of this judgment, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE