UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-21933-GAYLES/TORRES

ASEGURADORA DEL SUR,

    Plaintiff,

v.

SAFRA NATIONAL BANK OF NEW YORK,
and IB CORP INVESTMENTS AND
BUSINESS GROUP, LLC,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** comes before the Court upon Safra's Dispositive Motion for Summary Final Judgment (the "Motion"). [ECF No. 34]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

## BACKGROUND[1]

Defendant Safra National Bank of New York ("Safra") is a national bank with an office in Miami-Dade County, Florida. [ECF No. 35 ¶ 1]. Since July 2019, Defendant IB Corp Investments and Business Group, LLC ("IB Corp") has owned an account at Safra ("Account 0325"). *Id.* ¶ 2. In January 2021, IB Corp transferred several securities into Account 0325 from its account at an outside institution. *Id.* ¶ 5. Included in this transfer were four Sovereign Government Global Bonds

---

[1] The facts are taken from Safra's Statement of Material Facts in Support of Its Dispositive Motion for Summary Judgment, [ECF No. 35], and Plaintiff's Amended Response to Defendant Safra Bank's Statement of Facts in Support of Its Motion for Summary Judgment, [ECF No. 45]. The Court notes that Plaintiff's opposition to the Motion for Summary Judgment presents no evidence. Rather, Plaintiff either "denies knowledge" as to Safra's material facts, *see e.g.* [ECF No. 35 ¶¶ 2, 5, 6 ,8-20, 25, 30-35], or cites to the Complaint or a demand letter from its counsel to Safra. As a result, the Court accepts Safra's recitation of the facts, supported by the record, as true.

1

(the "ADS Bonds"). *Id.* ¶¶ 6-7. Plaintiff Aseguradora Del Sur ("ADS"), an Ecuadorian company based in Ecuador, claims it is the owner of the ADS Bonds. *Id.* ¶¶ 3, 7.

On March 1, 2021, a Special Agent with the U.S. Internal Revenue Service (the "IRS") advised Safra that the IRS had an interest in information about Account 0325 "with an eye towards seizure." *Id.* ¶ 10. On March 2, 2021, the Department of Justice served Safra with a subpoena, to which Safra responded. *Id.* ¶ 11. On May 5, 2021, the IRS sent Safra a Request to Maintain Accounts Open with respect to Account 0325. *Id.* ¶ 12. Safra complied with the government's request to keep Account 0325 open and not reveal the ongoing criminal investigation to IB Corp or any other party. *Id.* ¶ 10.

In early May 2021, Jorge Oswaldo Cherrez Miño ("Cherrez"), IB Corp's principal, contacted Safra indicating an interest in transferring bonds from Account 0325 to an account in the name of ADS at another financial institution. *Id.* ¶ 15. This was the first time Safra learned of the existence of ADS or that ADS was connected to any of the securities in Account 0325. *Id.* By May 14, 2021, Cherrez placed a hold on the transfer instructions. *Id.* ¶ 16. Then, in late September 2021, Cherrez contacted Safra again, once more indicating his interest in transferring securities out of Account 0325, but this time proposing new accounts to be opened by the securities transfer recipients, including ADS and other IB Corp clients. *Id.* ¶ 17. Safra shared this information with the IRS. *Id.* ¶ 20.

Before any additional action was taken by Cherrez or IB Corp, ADS representatives appeared at Safra's Miami office on December 2, 2021, and informed Safra that ADS was suing IB Corp over disputed ownership and control of the ADS Bonds. *Id.* ¶ 21. At that time, ADS, who has never been a customer of Safra, *Id.* ¶ 4, requested that Safra open a new account in the name of ADS. *Id.* ¶ 22. Safra's compliance department reviewed the documentation provided by ADS in connection with the request to open a new account and noted a number of issues. *Id.* ¶¶ 23-24.

In addition, Safra was aware of (1) the ongoing criminal investigation into IB Corp. and Cherrez, (2) that the requested new ADS account was connected to IB Corp. and Cherrez, (3) that ADS claimed to be averse to IB Corp and Cherrez, and (4) that the seizure of Account 0325 was imminent. *Id.* ¶¶ 25-27. On December 15, 2021, Safra declined ADS's new account request, and the ADS Bonds remained in Account 0325. *Id.* ¶ 30.

On December 22, 2021, the United States Attorney's Office served Safra with a sealed, *ex parte* Protective Order for Assets Subject to Forfeiture (the "Protective Order") entered by United States District Judge Kathleen M. Williams in *United States v. Cherrez Miño, et al.*, Case No. 21-cr-20528-KMW (S.D. Fla.). *Id.* ¶ 31. The now unsealed Protective Order enjoins Safra from transferring the ADS Bonds—and any other assets in Account 0325—and requires Safra to maintain custody of the Bonds to preserve their availability for criminal forfeiture. *Id.* ¶ 32.

On April 8, 2022, while Safra was subject to the then-sealed Protective Order, ADS's counsel sent a demand letter to Safra demanding the release of the ADS Bonds. [ECF No. 45-1]. Safra did not respond to the demand. [ECF No. 45 ¶ 37]. The ADS Bonds have remained in Account 0325 since Safra first received them in January 2021. *Id.* ¶ 33.

On May 20, 2022, ADS filed a Complaint against Safra and IB Corp in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"). [ECF No. 1-1]. The Complaint alleges claims for Conversion (Count I), Replevin (Count II), and Negligence (Count III) against Safra and Negligence (Count IV) and Conversion (Count V) against IB Corp. IB Corp failed to answer or otherwise respond to the Complaint. As a result, on May 25, 2023, a Clerk's Default was entered against IB Corp. [ECF No. 31].[2] On July 20, 2023, Safra moved for summary judgment.

---

[2] On November 29, 2023, a Default Final Judgment was entered against IB Corp. [ECF No. 61].

## **STANDARD**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## **ANALYSIS**

**I.    Conversion and Replevin**

Safra contends that it is entitled to judgment as a matter of law on ADS's replevin and conversion claims because it never wrongfully asserted control over or detained the ADS Bonds. The Court agrees.

4

Replevin and conversion both "relate to a wrongful or unauthorized act which deprives a person of possession of property in which that person has an interest." *James v. Jacksonville Bulk Mail Ctr.*, Case No. 3:06-cv-1120, 2009 WL 2901197, at *5 (M.D. Fla. Sep. 4, 2009). "Under Florida law, replevin lies for any wrongful taking or wrongful detention of any specific personal property." *Land-Cellular Corp. v. Moses*, 463 F. Supp. 2d 1348, 1353 (S.D. Fla. 2006). "A defense to a replevin suit must defeat the plaintiff's right to immediate possession." *Prestige Rent-A-Car, Inc. v. Advantage Car Rental and Sales, Inc. (ACRS)*, 656 So. 2d 541 (Fla. 5th DCA 1995). A conversion, under Florida law, "is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1291 (11th Cir. 2001) (internal quotation omitted). "The essence of conversion is not the possession of property . . . but possession in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property." *Archer v. City of Winter Haven*, 846 F. App'x 759, 766 (11th Cir. 2021) (internal quotation omitted).

Here, the record reflects that Safra has not wrongfully detained the ADS bonds. Indeed, Safra was subject to the Protective Order preventing it from transferring the ADS Bonds since December 2021, more than three months before ADS made its demand. As a result, Safra was not permitted to transfer the ADS Bonds to any party and, therefore, cannot be found to have unlawfully detained or intentionally deprived ADS of the Bonds. Therefore, Safra is entitled to summary judgment on ADS's claims against it for Conversion (Count I) and Replevin (Count II).

II. **Negligence Claim**

Safra argues that it is also entitled to judgment as a matter of law on ADS's claim for negligence because (1) Safra did not owe a duty to ADS and (2) ADS presented no evidence of damages or causation.

To bring a negligence claim in Florida, a plaintiff must allege: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)). "Florida, like other jurisdictions, recognizes that as a general matter, a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (internal quotation omitted). However, the Eleventh Circuit recognizes an exception to this rule: "a bank may be liable to a noncustomer for its customer's misappropriation when a fiduciary relationship exists between the customer and the noncustomer, the bank knows or ought to know of the fiduciary relationship, and the bank has actual knowledge of its customer's misappropriation." *Id*. at 1095-95.

Here, the undisputed material facts establish that Safra owed no duty to ADS. First, ADS has never been a customer of Safra. Safra, in general, does not owe a duty of care to noncustomers. *Id.* Moreover, the circumstances of this action do not fall within the exception recognized by the Eleventh Circuit in *Chang*. Indeed, there is no evidence suggesting that Safra knew or should have known that ADS had a fiduciary relationship with IB Corp or that IB Corp had misappropriated ADS's assets.[3] As a result, Safra is entitled to judgment as a matter of law on ADS's negligence claim against it (Count III).[4]

---

[3] The Court notes that the Default Judgment against IB Corp. on ADS's conversion and negligence claims is based on the facts as alleged in the Complaint—which the Court deemed admitted against IB Corp based on IB Corp's failure to answer or otherwise respond to the Complaint. The record evidence presented in this summary judgment briefing does not establish that a fiduciary relationship existed between ADS and IB Corp. or that IB Corp. misappropriated ADS's assets.

[4] Because the Court finds that Safra did not owe ADS a duty, it does not address whether ADS has presented any evidence of damages or causation.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Safra's Dispositive Motion for Summary Final Judgment, [ECF No. 34], is **GRANTED**.

2. The Court will enter a separate judgment.

3. This case is **CLOSED,** and all pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE